NOT FOR PUBLICATION                                         CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE RODRIGUEZ,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN SINOW, MOTOR CARRIER SERVICES, EVELYN AGUILERA, OLIVERA MINI MARKET, INC., PROGRESSIVE INSURANCE COMPANY, JOHN DOES 1-5 (fictitious names as true names unknown), and ABC CORP. 105 (fictitious names as true names unknown),<br><br>　　　　　　Defendants. | Hon. Faith S. Hochberg, U.S.D.J.<br>Civil No. 10-138<br><br>**OPINION & ORDER**<br><br>Date: February 2, 2010 |

**HOCHBERG, District Judge:**

This matter having come before the Court upon Defendant Motor Carrier Service's January 26, 2010 Response to the Court's January 19, 2010 Order to Show Cause Why this Case Should Not Be Remanded (to the Superior Court of the State of New Jersey, Law Division, Middlesex County), pursuant to 28 U.S.C. §1447(c); and the Court having considered the papers before it pursuant to Fed. R. Civ. P. 78 and for good cause appearing;

and it being well-settled that whether or not subject matter jurisdiction exists is determined at the time the petition for removal is filed;[1]

---

[1] *See Steel Valley Authority v. Union Switch and Signal Division*, 809 F.2d 1006, 1010 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021 (1988); *Facella v. Home Fire and Marine Insurance Co. of California*, 184 F. Supp. 838, 839 (D.N.J. 1960).

and it appearing that Plaintiff has pled a colorable claim as against Defendant Olivera Mini Market;[2]

and it appearing that diversity does not exist among the parties as Defendant Olivera Mini Market and Plaintiff Rodriguez are citizens of New Jersey;[3]

and it appearing that this Court does not have subject matter jurisdiction over this action on the basis of diversity of citizenship;

**IT IS** on this 2nd day of February, 2010,

**ORDERED** that this case is *sua sponte* **REMANDED** to the Superior Court, Law Division, Middlesex County, New Jersey; and it is further

---

[2] Defendant Motor Carrier Services argues that Defendant Olivera Mini Market is a nominal party or a party who has been named under the doctrine of fraudulent joinder. Plaintiff is suing a variety of Defendants with regard to a car accident in which he asserts he sustained injuries. Plaintiff asserts in his complaint that he was driving a vehicle owned by his employer, Olivera Mini Market, at the time of the accident. Another named defendant is Progressive Insurance Co., the insurance company providing an automobile insurance policy to Olivera Mini Market. Plaintiff, in his complaint, states for each count that he has met the requirements of N.J.S.A. 39:6A, which is the New Jersey Automobile Reparation Reform Act, governing auto insurance in the state of New Jersey. Plaintiff, in a separate count of his complaint, specifically demands judgment against Defendant Olivera Mini Market "individually, jointly, severally and in the alternative for damages and cost of suit." Notice of Removal (attaching Complaint at Exhibit 1), *Rodriguez v. Sinow*, No. 10-cv-138 (D.N.J. Jan. 11, 2010) (complaint at page 3).

Defendants bear a "heavy burden of persuasion" in demonstrating that a resident defendant was fraudulently joined. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal citations omitted). This burden is imposed upon the removing party because the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *See id*.

Based upon the pleadings found in the complaint, this Court finds that Plaintiff states a colorable claim against Defendant Olivera Mini Market. This Court finds that Defendant Olivera Mini Market is connected to the case *sub judice* as the owner and insurance policy-holder of the vehicle plaintiff was driving at the time of accident and thus the Court declines to look any further (including as to whether Evelyn Aguilera was properly joined).

[3] According to Plaintiff's Response to the Order to Show Cause, Defendant Olivera Mini Market is incorporated in New Jersey and maintains its principal place of business in Perth Amboy, New Jersey.

**ORDERED** that this case is **CLOSED**.

                                                                                          **/s/ Faith S. Hochberg**
                                                                                          Hon. Faith S. Hochberg, U.S.D.J.